IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RED HOUSE MOTORS D/B/A BAYLY'S GARAGE, | § § § | |
| Employer Below, Appellant, | § § | No. 234, 2025 |
| v. | § § § | Court Below: Superior Court of the State of Delaware |
| ROBERT BAYLY, | § § | C.A. No. S24A-05-002 |
| Claimant Below, Appellee. | § § § | |

Submitted: December 10, 2025
Decided: March 2, 2026

Before **SEITZ**, Chief Justice; **TRAYNOR**, and **GRIFFITHS**, Justices.

**<u>ORDER</u>**

The Court, having considered the briefs and the record below, rules as follows:

(1)    This appeal arises out of a workers' compensation coverage dispute. Robert Bayly was the sole proprietor of several auto-related businesses. The employees of the businesses were covered by workers' compensation insurance. After being injured at work, Bayly sought compensation under the workers' compensation policy. The carrier denied coverage because Bayly was not considered an employee and did not pay for additional workers' compensation coverage for sole proprietors. The Industrial Accident Board ("IAB" or the "Board")

agreed with the carrier, finding as a factual matter that Bayly never elected additional sole proprietor coverage.

(2)     Bayly appealed the IAB decision to the Superior Court.  The Superior Court reversed and entered judgment for Bayly.  Contrary to the factual findings of the IAB, the court concluded that the IAB should have found that Bayly "orally" elected sole proprietor coverage.

(3)     The carrier has now appealed the Superior Court's decision to our Court.  It argues that, under the deferential standard of review afforded to the IAB's factual findings, the Superior Court was not free to make its own contrary factual finding that Bayly elected sole proprietor coverage.  We agree with the carrier, reverse the Superior Court's decision, and reinstate the IAB's determination.

(4)     Most of the background facts are undisputed.  Bayly was the sole proprietor of Red House Motors and Bayly's Garage.  Bayly purchased several policies from Federated Reserve Insurance Company ("Federated"), including a workers' compensation insurance policy for employees and an executive personal liability policy for himself.  Bayly was named in the workers' compensation policy, but only as the sole proprietor of the businesses and not as an employee.[1]

---

[1] App. to Opening Br. A16–20 [hereinafter "A__"] (Workers' Comp. Pol'y); App. to Answering Br. B1–B5 (Exec. Pers. Liab. Pol'y).

2

(5) Subject to exceptions that do not apply here, under 19 *Del. C.* § 2306, the State's workers' compensation laws apply to Delaware employers, like Bayly, who operate businesses with employees. For businesses operated by a sole proprietor, § 2308(b) provides that sole proprietors are not covered as employees under the workers' compensation laws but can elect to add insurance coverage to cover themselves under the policy. To secure sole proprietor coverage, Bayly's workers' compensation policy required a "Sole Proprietors, Partners, Officers, and Others Coverage Endorsement."[2]

(6) In June 2021, an employee attacked and seriously injured Bayly.[3] Bayly filed a workers' compensation claim with Federated. Federated denied coverage because Bayly, as a sole proprietor, was not covered under the employee policy.[4] Bayly responded by filing a petition with the IAB to determine compensation due.[5] Federated moved to dismiss, arguing that Bayly "was not covered by the applicable workers' compensation policy in this case because he was the sole proprietor of employer's business and failed to elect coverage for himself as

---

[2] A38 (Del. Workers' Comp. Manual).

[3] A8 (Pet. to Determine Comp. Due to Injured Emp. [hereinafter "Pet."]); A253 (IAB Tr.).

[4] A263 (IAB Tr.).

[5] A7–10 (Pet.).

3

sole proprietor."[6]

(7)    At a hearing on the motion, the Board received evidence through the deposition testimony of Federated's representative and Bayly's live testimony.  In a written decision, the Board granted Federated's motion.[7]  It found as a factual matter that Bayly was an "experienced businessperson" who "was aware that he needed to elect workers' compensation coverage for himself as a sole proprietor . . . ."[8]  The Board also concluded that, even though Bayly testified that he told his insurance agent that he needed coverage for himself, the facts and circumstances demonstrated otherwise.  Specifically, the IAB observed that a workers' compensation premium is based on payroll, and Bayly's earnings were not used in the premium calculation.[9]  Furthermore, despite the workers' compensation policy including about ten other endorsements, it lacked the necessary sole proprietor endorsement.[10]  And finally, the IAB noted that Bayly mistakenly believed that his executive personal liability policy was equivalent to a sole proprietor endorsement.[11]

---

[6] A11 (Mot. to Dismiss).

[7] A309 (The Indus. Accident Bd.'s Ord. on the Mot. to Dismiss [hereinafter "Ord."]).

[8] A308 (Ord.).

[9] A309 (Ord.); *see* A60 (Dep. of Paul Larson, Federated's Representative).

[10] A309 (Ord.); A19 (Workers' Comp. Pol'y); A61–62 (Dep. of Paul Larson, Federated's Representative).

[11] A308 (Ord.); A256–57 (IAB Tr.).

4

(8)    Bayly appealed the IAB decision to the Superior Court.  The Superior Court reversed.[12]  The court characterized the question before the IAB as whether Bayly "properly elect[ed] to have personal coverage as a sole proprietor."[13]  According to the court, the answer turned on whether Bayly "was legally required to so elect in writing or on a prescribed form."[14]  The court observed that the workers' compensation statute "does not require a form" or that Bayly "request coverage in writing."[15]  Instead, according to the court, once the insured informs the agent that he wishes to elect sole proprietor coverage, the carrier must send the form for execution.[16]

(9)    Turning to whether Bayly elected sole proprietor coverage, the court concluded that the Board's findings relating to Bayly's request for coverage were "not sufficiently supported by the record and [were] not the product of an orderly and logical deductive process."[17]  As such, the court was free to make "contradictory

---

[12] *Bayly v. Red House Motors*, 2025 WL 1305851, at *7 (Del. Super. May 6, 2025) [hereinafter "Super. Ct. Op."].

[13] *Id*. at *6.

[14] *Id*.

[15] *Id*.

[16] *Id*.

[17] *Id*. at *5.

findings of fact."[18]  The court disagreed with the IAB's factual finding that Bayly "was an experienced businessperson who was aware that he needed to elect workers' compensation coverage for himself but had not done so."[19]  Instead, the court found as a factual matter on appeal that Bayly was "a small businessperson" and the carrier was the "sophisticated party."[20]  The court also found that, although Bayly did not submit financial information that would have allowed the carrier to calculate a premium for sole proprietor coverage, his omission should have been excused.[21]  According to the court, Bayly "relied on his accountant to complete that portion of [Federated's] audit forms."  The court also placed the burden on the carrier to clarify the coverage issue if there was uncertainty.[22]

(10)  After rejecting the IAB's factual findings, the court expressed its view that the "reasonable conclusion" was that Bayly "elected coverage for himself by vocalizing his request to an authorized agent of [Federated]."[23]  Bayly, the court

---

[18] *Id*.

[19] *Id*. at *6.

[20] *Id*.

[21] *Id*.  The court also found that, in any event, the IAB's conclusion that the lack of financial information needed to calculate workers' compensation premiums was not supported by substantial evidence.  According to the court, the same information was available to calculate premiums for the executive professional liability policy.  *Id*. at *7.

[22] *Id*. at *6.

[23] *Id*. at *7.

found, "asked to be covered. No one disputes that."[24] The court reversed the IAB's decision and directed the IAB "to find that, by applying the correct standard (which [Federated] agrees should govern) to the undisputed facts, [Bayly] made an oral election, which is sufficient to cover him under the workers' compensation policy."[25]

(11) On appeal, Federated argues that there was substantial evidence to support the Board's conclusion that Bayly did not elect sole proprietor coverage.[26] Federated maintains that the Superior Court was required to accept the Board's findings of fact, as supported by substantial evidence.[27]

(12) "In an appeal from an IAB decision, this Court's scope of review is limited to examining the record for errors of law and determining whether the Board's factual findings are supported by substantial evidence."[28] Errors of law are reviewed *de novo*.[29] It is well settled that "[s]ubstantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[30] We have consistently characterized substantial evidence as "more

---

[24] *Id.*

[25] *Id.*

[26] Opening Br. 19.

[27] *Id.*

[28] *This and That Servs. Co. Inc. v. Nieves*, 303 A.3d 1220, 1226 (Del. 2023).

[29] *Christiana Care Health Servs. v. Davis*, 127 A.3d 391, 395 (Del. 2015).

[30] *Nieves*, 303 A.3d at 1226 (quoting *Davis*, 127 A.3d at 394).

than a scintilla but less than a preponderance of the evidence."[31]    Under this deferential standard, where the IAB's decision is free from legal error and supported by substantial evidence, neither the Superior Court, nor this Court, will disturb its holding.

(13)   We agree with the Superior Court that the issue to be decided by the IAB turned on the factual question whether Bayly elected sole proprietor coverage. The Superior Court found that it was undisputed that Bayly asked to be covered as a sole proprietor.  It is true that Bayly testified that he requested coverage.  But his testimony did not render the question undisputed.  The IAB was not required to credit his testimony.[32]

(14)   Instead, the IAB made factual findings that undercut Bayly's testimony: (a) Bayly was a sophisticated businessperson, who "knew he had to purchase a workers' compensation endorsement;"[33] (b) "the premium basis for workers' compensation [insurance] is based on payroll" and Bayly's earnings were not used to calculate the premium;[34] (c) the policy lacked an endorsement form, even though

---

[31] *Id*. (quoting *Davis*, 127 A.3d at 394).

[32] *Sheppard v. Allen Fam. Foods*, 279 A.3d 816, 826 (Del. 2022) ("Weighing the evidence, determining the credibility of witnesses, and resolving any conflicts in the testimony are functions reserved exclusively for the [Industrial Accident] Board." (quoting *Powell v. OTAC, Inc.*, 223 A.3d 864, 870 (Del. 2019))).

[33] A308 (Ord.); *see* A256 (IAB Tr.).

[34] A303 (Ord.); *see* A60 (Dep. of Paul Larson, Federated's Representative).

8

Federated required a specific endorsement for coverage; (d) the policy had about ten other endorsements;[35] (e) Bayly conflated his executive personal liability policy with sole proprietor coverage;[36] and (f) except for Bayly's testimony about asking his insurance agent for coverage, there was no other proof, including any written proof, that he elected coverage.[37] Under the deferential standard of review on appeal, the Superior Court was required to defer to the IAB's factual determination. The court was not free to make contrary findings on appeal.

(15) The Superior Court took issue with the IAB finding that "[t]here [was] nothing in writing saying [Bayly] wants to be covered by the workers' compensation policy when he got the policy."[38] According to the court, the IAB should not have required Bayly to provide proof in writing that he elected coverage.[39] But the IAB did not require Bayly to produce a written election of sole proprietor coverage. Instead, the IAB considered the absence of a written request as another factor supporting its conclusion that Bayly did not request sole proprietor coverage.

---

[35] A309 (Ord.); A19 (Workers' Comp. Pol'y); A61–62 (Dep. of Paul Larson, Federated's Representative).

[36] A308 (Ord.); A256–57 (IAB Tr.).

[37] *See* A259 (IAB Tr.).

[38] A308 (Ord.).

[39] Super Ct. Op. at *7.

(16)  On appeal from an IAB decision, the Superior Court is not free to make its own factual findings contrary to those of the IAB unless the IAB's decision lacked substantial evidence to support its conclusions.  Here, the IAB explained why, based on the record, it concluded as a factual matter that Bayly did not elect sole proprietor coverage.  Those findings were entitled to deference on appeal.  The Superior Court's judgment is reversed and the IAB's decision is reinstated.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is REVERSED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice